UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No:

**00-6161
CIV-DIMITROULEAS**

NICOLA JANE KING,
individually and as Personal Representative
of THE ESTATE OF ANDREW J. KING, deceased

Plaintiffs,

v.

MAGISTRATE JUDGE
JOHNSON

MIGUEL A. GUERRERO and
CARLOS DIAZ,

Defendants.
_____/

### COMPLAINT

COMES NOW the Plaintiffs, NICOLA JANE KING, individually and as Personal Representative for THE ESTATE OF ANDREW J. KING, deceased, by and through her undersigned attorneys and files this her Complaint against the Defendants and shows onto the Court as follows:

### ALLEGATIONS AS TO ALL COUNTS

1. The Plaintiff, NICOLA JANE KING, is a resident and citizen of the United Kingdom and was a citizen and a resident of the United Kingdom at all times material to this action.

2. The Deceased, ANDREW J. KING, was at all times material to this action prior to the date of his death on August 5, 1998 a resident and national of the United Kingdom.

3. The Plaintiffs, NICOLA JANE KING and the Deceased, ANDREW J. KING, were husband and wife on the date of the death of ANDREW J. KING, on August 5, 1998.

4. The Defendant, MIGUEL A. GUERRERO, was at all times material to this action, the owner of a commercial vehicle, to wit, a 1972 Ford truck bearing Florida License Number M95 11Q and bearing Vehicle Identification Number U80CVP31563.

5. The Defendant, CARLOS DIAZ, was at all times material hereto, the operator/driver of said vehicle.

6. The Defendants, MIGUEL A. GUERRERO and CARLOS DIAZ, at all times material hereto, were residents in Hialeah, Florida.

7. This Court has jurisdiction of the subject matter and the parties hereto under Title 28 U.S.C. Section 1332, since the matter in controversy exceeds the sum of $75,000.00 exclusive of interests and costs and is between citizens of the State of Florida and citizens or subjects of the United Kingdom, thus there is a complete diversity of citizenship.

8. Venue is proper in this action under Title 28 U.S.C. Section 1391(a)(2) since a substantial part of the events or the omissions giving rise to the claim occurred in Broward County, Florida.

## COUNT I

COMES NOW the Plaintiff, NICOLA JANE KING, by and through her undersigned attorneys and sues the Defendants, MIGUEL A. GUERRERO and CARLOS DIAZ, jointly and severally and shows onto the Court as follows:

9. This is an action for negligence.

10. On August 5, 1998 the Defendant, CARLOS DIAZ, was the operator/driver of a 1972 Ford truck while MIGUEL A. GUERRERO was the owner of said vehicle.

11. On August 5, 1998 the Defendant, CARLOS DIAZ, negligently operated or drove the vehicle he was occupying to such an extent that he was illegally exceeding the appropriate posted speed limit or was exceeding a reasonable speed limit when he collided with a vehicle operated by NICOLA JANE KING on Griffin Road (SR-818) at US-27 in Broward County, Florida.

12. As a direct and proximate result of said collision the Plaintiff was caused to suffer significant, permanent bodily injury, was caused to incur substantial medical expenses for medical attention and hospitalization. Said injuries are significant and permanent in nature.

13. At the time of the accident occurring on August 5, 1998 at the intersection of US-27 and Griffin Road in Broward County, Florida, the Defendant, CARLOS DIAZ, was willfully or recklessly or grossly negligent in driving his vehicle at such an excessive speed that it collided with the vehicle operated by the Plaintiff, NICOLA JANE KING, resulting in permanent and significant injuries to her.

14. The Defendant, CARLOS DIAZ, was further negligent when he entered the intersection in which the collision occurred by failing to exercise reasonable care to determine that there was no impending traffic which would impede

safe passage through the intersection. This Defendant knew or reasonably should have known that the Plaintiff's vehicle was going through the intersection at the time and he otherwise had a clear opportunity to avoid the collision and more particularly so he would have had an opportunity to avoid the collision had he not been speeding. The Defendant, CARLOS DIAZ, failed to maintain a proper lookout or to exercise reasonable care and caution commensurate with all of the circumstances and was therefore the proximate cause of the injuries received by the Plaintiff herein.

15. As a result Plaintiff suffered bodily injury and resulting pain and suffering, disability, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

16. As a direct and proximate result of the negligence of CARLOS DIAZ and as the owner of the subject vehicle colliding with the Plaintiff's vehicle, the Defendants, CARLOS DIAZ and MIGUEL A. GUERRERO, are liable and responsible to the Plaintiff for damages in excess of $75,000.00 plus costs and interests as allowed by law.

17. The Plaintiff demands trial by jury of all issues triable by jury.

## COUNT II

COMES NOW the Plaintiff, NICOLA JANE KING, as the Personal Representative for the Estate of ANDREW J. KING and sues the Defendants, MIGUEL A. GUERRERO and CARLOS DIAZ, jointly and severally and shows onto the Court as follows:

15. This is an action for wrongful death.

16. On August 5, 1998 the Defendant, CARLOS DIAZ, negligently drove his vehicle such that it collided with the vehicle driven by NICOLA JANE KING in which her husband, ANDREW J. KING, was an occupant. As a result of the collision, NICOLA JANE KING's, husband, ANDREW J. KING, was killed.

17. The Plaintiff, NICOLA JANE KING, has been appointed the duly authorized Personal Representative for THE ESTATE OF ANDREW J. KING and is duly authorized to bring an action on behalf of THE ESTATE OF ANDREW J. KING against the Defendants herein.

18. The Plaintiff repeats and realleges each and every allegation contained in Paragraphs 10 through 15 above as if herein fully set forth.

19. The only beneficiary of THE ESTATE OF ANDREW J. KING is the Plaintiff, NICOLA JANE KING, his surviving spouse.

20. Pursuant to Florida Statute 768.21 THE ESTATE OF ANDREW KING is entitled to recover from the Defendants herein the value of lost, support and services from the date of the death of ANDREW J. KING with interest, future loss and support of services from the date of the death of ANDREW J. KING reduced to present value, loss of companionship and protection and for mental pain and suffering from the date of injury for NICOLA JANE KING, the medical and funeral expenses due to the wrongful death of ANDREW J. KING caused by the Defendants herein, the loss of earnings of the deceased from the date of his injury to the date of the death, loss and support of the

survivors excluding contributions and kind, with interest, plus the loss of the prospective net accumulations of an estate, which might reasonably have been expected but for the wrongful death reduced to present value.

WHEREFORE the Plaintiff, THE ESTATE OF ANDREW J. KING, and NICOLA JANE KING, Personal Representative sues the Defendants, MIGUEL A. GUERRERO and CARLOS DIAZ, jointly and severally and demands judgment for damages in excess of $75,000.00 plus interest and costs as allowed by law and demands trial by jury of all issues triable as a matter of right by jury.

Dated this _27_ day of January, 2000.

LaVigne, Coton & Associates, P.A.

By: _____
James R. LaVigne, Esq.
Florida Bar No: 200581
Admitted to U.S. Middle and
Southern Districts of Florida, Florida
Supreme Court, 11th Circuit Court of
Appeals, U.S. Supreme Court
5301 Conroy Road
Suite 140
Orlando, Florida 32811
(407) 316-9988
(407) 316-8820 fax

# CIVIL COVER SHEET

00-6161
CIV-DIMITROULEAS
MAGISTRATE JUDGE JOHNSON

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
NICOLA JANE KING
individually and as Personal
Representative of THE ESTATE OF
ANDREW J. KING, deceased

**DEFENDANTS**
MIGUEL A. GUERRERO and
CARLOS DIAZ

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: United Kingdom
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

A. Broward / 0:00cv 6161 / WPD / Johnson

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
LaVigne, Coton & Associates, P.A.
5301 Conroy Road, #140
Orlando, Florida 32811

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury — Med Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | ☐ 640 R R & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☒ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 720 Labor/Mgmt Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | ☐ 870 Taxes (U S Plaintiff or Defendant) |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | ☐ 791 Empl Ret Inc Security Act | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | ☐ 871 IRS — Third Party 26 USC 7609 |

## VI. CAUSE OF ACTION
(CITE THE U S CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Diversity Action - Automobile Negligence

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23
DEMAND $ in excess of $75,000.00
CHECK YES only if demanded in complaint
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
NONE
JUDGE: _____ DOCKET NUMBER: _____

DATE: 1-27-2000
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
$150.00  816363
RECEIPT # ___ AMOUNT ___ APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___
02/02/00