UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA



CASE NO. 00-6161-CIV-DIMITROULEAS

NICOLA JANE KING, individually and as Personal
Representative of THE ESTATE OF ANDREW
J. KING, deceased,

      Plaintiff,
vs.

MIGUEL A. GUERRERO and CARLOS DIAZ

      Defendants.
_____/

### ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE

THIS MATTER is before the Court *sua sponte*, and upon the filing of the plaintiff's Complaint. The Court has carefully reviewed the allegations of the Complaint and is otherwise fully advised in the premises.

In its Complaint, Plaintiff alleges that this Court has jurisdiction over the above-referenced case because of diversity of citizenship pursuant to 28 U.S.C. § 1332. However, a careful review of the complaint reveals the requisite diversity of citizenship between Plaintiff and Defendants is not apparent on the face of the Complaint. The Compliant alleges only the residences of the Defendants.

When a federal court's jurisdiction is premised upon the diversity of citizenship between the parties, Plaintiff bears the obligation of demonstrating in the complaint that complete diversity exists between the parties. Carden v. Arkoma Associates, 494 U.S. 185 (1990); Camper & Nicholsons Int'l Ltd. v. Blonder Marine & Charter, Inc., 793 F. Supp 318, 319 (S.D. Fla. 1992). It is well settled that an allegation of residence is not sufficient to establish citizenship. Nadler v. American Motors Sales Corp., 764 F.2d 409 (5th Cir. 1985); Delome v.



Union Barge Line Co., 444 F.2d 225, 233 (5th Cir.), cert denied, 404 U.S. 995 (1971); Congress of Racial Equality v. Clemmons, 323 F.2d 54 (5th Cir. 1961), cert. denied, 375 U.S. 992 (1964). In the Complaint, there are no allegations of citizenship of Defendants, only allegations of residence. Therefore, the complete diversity of citizenship requirements of 28 U.S.C. § 1332 have not been satisfied.

The Court notes that federal courts are courts of limited jurisdiction. The presumption, in fact, is that a federal court lacks jurisdiction in a particular case until it has been demonstrated that jurisdiction over the subject matter exists. Fitzgerald v. Seaboard System Railroad, Inc., 760 F.2d 1249 (11th Cir. 1985). Therefore, the facts showing the existence of jurisdiction must be affirmatively alleged in the complaint. Kirkland Masonry, Inc. v. Commissioner of Internal Revenue, 614 F.2d 532 (5th Cir. 1980); see also 13 Wright, Miller & Cooper, Federal Practice and Procedure, Section 3522 (1984). Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. The Plaintiff's Complaint filed herein is hereby **DISMISSED** without prejudice for lack of subject matter jurisdiction.

2. The Plaintiff shall have ten (10) days from the date of this Order to amend its Complaint; and

3. Failure of the Plaintiff to file an amended complaint within ten days of the date of this Order will result in dismissal of the above-styled action.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ____ day of February, 2000.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

James LaVigne, Esq.